# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dr. R. James Ryder and<br>Randall P. Ryder,<br><br>          Plaintiffs,<br>v.<br><br>GC Services Limited Partnership,<br><br>          Defendant. | COURT FILE NO.: 16-CV-02435<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  Plaintiffs are suing the Defendant because the Defendant harassed the Plaintiffs with collection robo call(s) for a consumer debt.

2.  Defendant utilized an autodialer to call the Plaintiff Randall Ryder's cellular telephone with his prior express consent, violating his privacy rights afforded under federal law.

3.  The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

## JURISDICTION

4.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

5.    Jurisdiction of this Court arises under 47 U.S.C. § 227 for claims arising under the Telephone Consumer Protection Act ("TCPA"), which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

6.    Supplemental jurisdiction of this Court arises under to 28 U.S.C. § 1367 for pendent state law claims.

7.    This action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiffs.

8.    Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

9.    Defendant has transacted business within the State of Minnesota by attempting to collect debts from Plaintiffs over the telephone, while Plaintiffs were located within and permanently residing within the State of Minnesota.

10.    Defendant and its employees and agents continuously and systematically have engaged in the business of collecting consumer debts in the State of Minnesota using means of interstate commerce, by knowingly and repeatedly contacting

Plaintiffs on their telephones while they resided permanently in the State of Minnesota, in an effort to collect consumer debts from Plaintiffs.

11.    Defendant has registered itself with the Secretary of State as a foreign corporation under Minnesota law in the State of Minnesota.

12.    Defendant has licensed itself as a collection agency under Minnesota law in the State of Minnesota.

## **PARTIES**

13.    Plaintiff Dr. R. James Ryder ("James") is a natural person who currently and permanently resided at all times relevant herein in the City of St. Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is a "person" as that term is defined by the TCPA 47 U.S.C. § 227 *et seq.*

14.    Randall P. Ryder ("Randall") is a natural person who currently and permanently resides at all times relevant herein in the City of St. Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is a "person" as that term is defined by the TCPA 47 U.S.C. § 227 *et seq.*

15.    Defendant GC Services Limited Partnership, ("GC") is a debt collector that collects defaulted consumer debts operating from a principal office address of 1209 Orange Str, Wilmington, DE 19801, and is a "debt collector" as that

term is defined by 15 U.S.C. § 1692a(6).

16.   While many of these violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## FACTUAL ALLEGATIONS

17.   In or around approximately 2014, James incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer credit card account with American Express for personal, family and household purposes.

18.   James had an account with American Express ("account").

19.   James was informed and believes that account was fully paid, as it was linked to a bank account to pay any alleged monthly balance.

20.   At some point thereafter, James received a statement from American Express, alleging that he had an unpaid balance on the account.

21.   After receiving that statement, James called American Express.

22.   During that phone call, American Express confirmed that the account had been paid.

23.   James also confirmed on the website for American Express that there was no balance remaining.

24.   At some point thereafter, James also received a letter from American

Express, stating they his account was current.

25.    James then continued to receive bills and he then sent a letter to American Express disputing the defaulted debt.

26.    Sometime thereafter, Defendant took the defaulted debt over for collection from James and Randall.

### Telephone Consumer Protection Act Claims

27.    Within the four years immediately preceding the filing of this complaint, Defendant and its employees and agents, willfully placed at least one call to Randall's personal cellular telephone numbers in an effort to collect this consumer debt.

28.    At all times relevant to this complaint, the Randall was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39) and a subscriber to cellular telephone services within the United States.

29.    Randall is the owner, holder, and regular user of the cellular telephone associated with the number (612) 805-7977 ("cell phone").

30.    At all times relevant to this complaint, Defendant is a corporation and a "person" as defined by 47 U.S.C. §153(39).

31.    At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

32.   The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted)

33.   Within four years immediately preceding the filing of this lawsuit, Defendant and its agents telephoned the Randall's cellular telephone on at least one occasion in violation of the TCPA.

34.   Without Randall's prior express consent, Defendant and its employees and agents used an automatic telephone dialing system ("ATDS") to call Randall's cellular telephone in an attempt to collect this debt on at least one occasion.

35.   All of these automated calls and/or messages from Defendant to Randall, when he had previously never consented to these calls, were sent in willful violation of the TCPA.

36.   On or about July 22, 2015, at approximately 10:41 a.m., Randall got a call from Defendant's collector "John Rugles."

37.   Rugles asked if he was speaking to "Randall Ryder" to which Randall responded yes.

38.   Rugles told Randall that he was calling from GC Services in Jacksonville, Florida about a past due Amex account in the amount of $113 and he wanted to know if Randall wanted to resolve it.

39.   Randall was confused by the call and asked Rugles what he was referring to with respect to a past due account.

40.   Randall also explained to Rugles that he had paid his bill and that he did not know what Rugles was talking about.

41.   Thereafter, Rugles provided Randall with the warning that he was a debt collector and asked Randall for the last four numbers of his social security number.

42.   Rugles thereafter explained to Randall that he had the wrong person, apologized to Randall, and told him that he would remove his phone number from Defendant's system.

43.   Defendant's phone system is an automated telephone dialing system and it has previously been sued for operating this system in violation of the TCPA. *Horowitz v. GC Services Limited Partnership,* Case 3:14-cv-02512-MMA-

RBB (California So. Dist. 2014).

44. Defendant has registered its phone system as an automatic telephone dialing system with the Texas Public Utilities Commission. http://www.puc.texas.gov/industry/communications/directories/adad/report_ad ad.aspx?ID=ADSQL01DB1245200900219.

45. Defendant acted willfully and knowingly in robo calling Randall's cell phone because it never obtained the Randall's prior express consent to make calls to Randall's cellular phone using an ATDS.

46. Defendant had no basis to believe that they had the Plaintiff's prior express consent to make such automated calls or deliver such automated messages to his cell phone.

47. Randall was a regular user of the cell phone and paid the bill for it, thereby incurring a charge for each automated call made by Defendant.

48. The complained of telephone calls were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

49. Defendant's actions constituted unauthorized use of, and interference with the Randall's cellular telephone service for which the Randall paid money.

50. Randall was charged money for each call that Defendant made to his cell phone.

51. All telephone contact by Defendant to Randall's cell phone came from

equipment that utilized an "artificial or prerecorded voice" or were placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

52.   Randall did not provide "express consent" allowing Defendant to place telephone calls to Plaintiff's cell phone utilizing an "artificial or prerecorded voice" or utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

53.   Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Randall provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

54.   Defendant has therefore violated the TCPA which makes it

> …[U]nlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— ... (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— … (iii) to any telephone number assigned to a paging service, cellular telephone service…

47 U.S.C. § 227(b)(1)(A)(iii).

55.   Randall is entitled to a minimum of $500.00 in damages for each such violation of the TCPA under 47 U.S.C. § 227(b)(3)(B) from Defendant.

56.   Defendant's conduct herein was willful and knowing, and therefore the

Court should treble the amount of statutory damages recoverable by the Randall pursuant to 47 U.S.C. § 227(b)(3)(C).

57.   Defendant's conduct was willful and knowing because it obtained Randall cell phone number from a source other than Randall or James, by means of skiptracing.

58.   Randall is entitled to and seeks injunctive relief prohibiting Defendant's violations of the TCPA in the future.

59.   Randall is entitled to and seeks declaratory relief from the Court finding that Defendant's conduct with respect to his cell phone, and as more further described herein, has violated of the TCPA.

60.   Randall alleges upon good faith information and belief that the TCPA violations complained of herein by Defendant are substantially likely to continue in the future if an injunction is not entered.

### *Fair Debt Collection Practices Act Claims*

61.   Defendant's autodialed collection call(s) to Randall's cellular telephone, within the last one year prior to filing this complaint, were illegal attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), and 1692e(10), amongst others.

62.   Defendant's attempts to collect this debt from Randall, when it in fact was

owed by James, were false and misleading representations by its employee within the last one year prior to filing this complaint, as well an impermissible disclosures of private financial data, and illegal attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Invasion of Privacy Claims*

63.   All of the above-described collection communications made to Plaintiffs by Defendant and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of privacy by the disclosure of private financial information about James, his father, to Randall, the son.

### *Summary*

64.   All of the above-described collection communications made to Plaintiffs and others by each individual and the other collection agents employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA and TCPA, including but not limited to all of the provisions of the FDCPA and TCPA cited herein, as well as violations of Minnesota law as more further described herein.

65.   Plaintiff expressly reserves the right to amend these pleadings to allege punitive damages against Defendant pursuant Minnesota Statutes §§ 549.191 and 549.20.

### *Respondeat Superior Liability*

66.   The acts and omissions of these individual employees and agents of Defendant, and the other debt collectors employed by Defendant who communicated with Plaintiffs and others as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

67.   The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

68.   By committing these acts and omissions against each Plaintiff, these individual employees and agents were motivated to benefit their principal, the Defendant.

69.   Defendant is therefore liable to each Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees and agents, including but not limited to violations of the FDCPA, TCPA and Minnesota law, in their attempts to collect this debt from Plaintiffs.

## TRIAL BY JURY

70.   Each Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

71.   Each Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72.   The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to each Plaintiff.

73.   As a result of Defendant's violations of the FDCPA, each Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

**47 U.S.C. § 227** *et seq.*

74.   Each Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75.   Within the four-year period immediately preceding this action, the Defendant made numerous automated calls to Randall's cell phone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

76.   The acts and or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

77.   As a causally direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Randall to sustain damages.

78.   Defendant did not have the necessary prior express consent of Randall to use an automatic telephone dialing system to call Randall's cell phone.

79.   Under the 47 U.S.C. § 227(b)(3)(B), the Randall is entitled to statutory damages under the TCPA of $500.00 per telephone call unlawfully made to his cell phone by Defendant.

80.   Defendant willfully and knowingly violated the TCPA, and as such the

Plaintiff is also entitled to $1,500.00 per telephone call made to Randall's cell phone pursuant to the 47 U.S.C. § 227(b)(3).

81. Randall is entitled to injunctive relief prohibiting Defendant from contacting him on Randall's cellular telephones using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a).

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

82. Each Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

83. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
> 15 U.S.C. § 1692(a) (emphasis added).

84. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution**

**has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

85.  The Federal Communications Commission recognized the costs and damage to a consumer's right to privacy that robo calls create:

> Noting that Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient, the Commission determined that the TCPA and its rules prohibit such calls to wireless numbers. The Commission also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, ¶7 (Jan. 4, 2008).

86.  Defendant and its employees or agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of each Plaintiff, namely, by unlawfully attempting to collect a debt from Randall, that he did not owe, by calling his cell phone, and disclosing James's alleged debt to his son, and thereby invaded both Randall's and James's privacy.

87.  Defendant and its employees or agents intentionally and/or negligently caused emotional harm to each Plaintiff by engaging in highly offensive

conduct in the course of collecting this debt, thereby invading and intruding upon each Plaintiff's right to privacy.

88. Each Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

89. The conduct of Defendant and its employees or agents, in engaging in the above-described illegal collection conduct against each Plaintiff, resulted in intrusions and invasions of privacy by Defendant that occurred in a way that would be highly offensive to a reasonable person in that position.

90. As a result of such intrusions and invasions of privacy, each Plaintiff is entitled to actual damages from Defendant in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, each Plaintiff prays that judgment be entered against Defendant as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for each Plaintiff;

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 *et seq.*

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for each Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for each Plaintiff;

- for an injunction prohibiting Defendant from contacting the Plaintiffs on Plaintiffs' cellular telephones using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a);

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA and TCPA violations, and intentional and/or negligent invasions of privacy for disclosures of private financial information in an amount to be determined at trial and for each Plaintiff;

- and, for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 6, 2016           **BARRY & HELWIG, LLC**

By: **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 University Ave SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra                    **Attorney for Plaintiff**

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF MINNESOTA              )
                                                      ) ss
COUNTY OF HENNEPIN           )

Pursuant to 28 U.S.C. § 1746, Plaintiff Dr. R. James Ryder, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____July____   ___6___ , ____2016____
                     Month              Day              Year

_____
Signature

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF MINNESOTA              )
                                   ) ss
COUNTY OF HENNEPIN          )

Pursuant to 28 U.S.C. § 1746, Plaintiff Randall P. Ryder, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.



Executed on ____J u L y____     ___6___,  ___2o16___
                        Month          Day        Year

          Signature